ERVIN, Judge,
dissents.
The minutes and transcript of the September 18, 1975 meeting of the City Commission make clear the findings, opinions and awards of the special master were adopted. A week later, the City Manager stated in his letter the “implementation of the findings of [the special master] relative to wage increases is not accepted by the City.”
The question then is whether the city manager can, in the absence of any proof of the offer’s revocation by the City, override the unanimous vote of the legislative body, the City Commission, which adopted the special master’s report. I agree with PERC that he cannot. Ramsey v. City of Kissimmee, 139 Fla. 107, 190 So. 474 (1939); Brown v. City of St. Petersburg, 111 Fla. 718, 153 So. 141 (1933).
While the chief executive officer of the public employer has the duty to bargain with employee representatives, this duty does not vest him with authority to revoke approval passed in an open and transcribed commission meeting. There is a lack of mutuality when the chief executive officer clearly cannot bind the employer to the terms of the contract, yet can effectively reject a contract after the employer has approved it.
I would deny the petition for review.